IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JAMES SIXTA, § | | |
| TDCJ-CID NO. 1143232, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. H-07-0118 | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional § | | |
| Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Daniel James Sixta, a person in custody, filed his petition for writ of habeas corpus with this court on January 10, 2007. After respondent, Nathaniel Quarterman, had filed his Answer with Brief in Support and submitted the state court records related to this case, petitioner moved to amend his original petition to include four additional grounds. The court will deny petitioner's motion to amend as futile and will order him to respond to respondent's answer within twenty (20) days of the entry of this Memorandum Opinion and Order.

### I. Background

On February 21, 2002, petitioner drove his SUV into the car that Linda Coble was riding in, and killed her. Subsequently, petitioner was charged with and convicted of intoxication

manslaughter in state court,[1] and a jury sentenced petitioner to twenty years in prison.[2] Since then petitioner has sought relief from that conviction through direct and collateral review in state court, and now seeks relief in federal court.

On direct review to the Texas Court of Appeals, petitioner raised seven claims: Six claims concerned the state trial court's decision to require the petitioner to plead guilty to two prior misdemeanor convictions in the presence of the jury and the seventh claim was insufficiency of the evidence.[3] In an unpublished decision the Texas Court of Appeals refused to consider petitioner's six claims concerning his plea before the jury because petitioner had failed to preserve those claims for review.[4] The court also affirmed petitioner's conviction and denied his claim of insufficiency of the evidence.[5] The Texas Court of Criminal Appeals denied petitioner's petition for discretionary review.[6]

In his direct appeal petitioner never raised any issues concerning the ineffective assistance of his trial counsel or the

---

[1]Ex parte Sixta, Application No. 60,547-03, p. 109 (Tex. Crim. App. Sept. 12, 2005).

[2]Id. at 2.

[3]Id. at 51.

[4]Id. at 55.

[5]Id. at 57.

[6]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

trial court's failure to provide him sufficient funds to obtain his own expert witness. Petitioner also failed to raise those issues in his petition for discretionary review to the Texas Court of Criminal Appeals.

In his state application for a writ of habeas corpus, petitioner included additional grounds for relief: ineffective assistance of counsel, "false indictment," prosecutorial misconduct, and "unconstitutional failure to disclose evidence favorable to the defendant."[7] Petitioner made several ineffective assistance claims,[8] but he never alleged that his counsel was ineffective for failing to object to the admission of the state's expert testimony. Nor did he make any mention of the trial court's failure to provide sufficient funds to retain a defense expert. After the trial court conducted further fact finding on the issue of ineffective assistance of counsel,[9] the Texas Court of Criminal Appeals denied petitioner's state application on December 13, 2006.[10]

On January 10, 2007, petitioner filed a petition for writ of habeas corpus in this court.[11] His original petition included six

---

[7]Id. at 7-8.

[8]Id. at 7.

[9]See id. at 73.

[10]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 4.

[11]Id. at 1.

grounds for relief. Four of those grounds were among the six claims that the Texas Court of Appeals held were procedurally barred on direct review.[12] Petitioner also renewed his state habeas claims for ineffective assistance of counsel and prosecutorial misconduct.[13] Petitioner later filed a Motion for Leave to File Amended Pleading (Docket Entry No. 24) seeking to include four additional claims: three more ineffective assistance of counsel claims and one due process claim.[14] Respondent filed a response to petitioner's motion, arguing that petitioner's amendment should be denied as futile because the claims in the amended petition are unexhausted and procedurally barred.[15] Petitioner filed no reply to respondent's response.

## II. Analysis

The Federal Rules of Civil Procedure govern the disposition of Petitioner's Motion to Amend. See Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts. While granting petitioner leave to amend his petition is within this court's discretion, Rule 15(a) of the Federal Rules of Civil

---

[12]Id. at 4.

[13]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7, 14-15, 17.

[14]Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, pp. 18-19.

[15]Respondent Quarterman's Response to Petitioner's Motion for Leave to File Amended Pleading, Docket Entry No. 27, pp. 2-3.

Procedure "evinces a strong bias in favor of granting a motion for leave to amend a pleading." FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994). Rule 15 requires this court to freely grant petitioner leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Thus, under Rule 15, this court must grant petitioner's motion to amend "unless there is a substantial reason to deny leave to amend[.]" Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981). "Futility of amendment" is one such reason. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); DeLoach v. Woodley, 405 F.2d 496, 496-97 (5th Cir. 1968) ("The liberal amendment rules of [Rule] 15(a) do not require that courts indulge in futile gestures.").

An amendment is futile when "a [petition], as amended, would be subject to dismissal[.]" DeLoach, 405 F.2d at 497. Here, adding the four claims in petitioner's amended petition would be futile for two reasons. First, petitioner's due process claim and two of his three ineffective assistance of counsel claims are unexhausted. See Caswell v. Calderon, 363 F.3d 832, 837 (9th Cir. 2004) (finding futile an effort to add unexhausted claims through amendment); accord Atencio v. Ipson, 62 Fed. Appx. 856, 857 (10th Cir. 2003); see also Rose v. Lundy, 102 S. Ct. 1198, 1199 (1982) (requiring dismissal of an entire petition if one claim is unexhausted). Second, the remaining ineffective assistance of counsel claim from the amended petition is redundant of the ineffective assistance claim already included in the original

-5-

petition. See Campania Mgmt., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, 850 (7th Cir. 2002); cf. Williams v. Kaufman County, 352 F.3d 994, 1012 (5th Cir. 2003) (holding that a plaintiff's claim failed because it was "redundant" of other claims already included in the plaintiff's complaint).

## A. Exhaustion and Futility

Petitioner's motion to amend unexhausted claims is futile because, if granted, it would require this court to dismiss his entire amended petition. Because petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs. Lindh v. Murphy, 117 S. Ct. 2059 (1997). The AEDPA requires a petitioner to "exhaust[] the remedies available in the courts of the State," before seeking any relief in federal court. 28 U.S.C. § 2254(b)(1)(A). A habeas petition that contains exhausted and unexhausted claims must be dismissed. Rose, 102 S. Ct. at 1199. Thus, granting petitioner leave to amend unexhausted claims would prove not only futile, but fatal to his habeas case.

To satisfy the AEDPA's exhaustion requirement, a petitioner must "fairly 'present[] the substance of his claim to state courts.'" Moore v. Quarterman, 491 F.3d 213, 220 (5th Cir. 2007) (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). The substance of a claim has been "fairly presented" to a state court if that court was "presented with the same facts and legal theory upon which the petitioner bases his current assertions." Ruiz v.

-6-

Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citations omitted). Thus, "if the petitioner presents new legal theories or new factual claims in his federal application," the petitioner fails to satisfy the exhaustion requirement. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). However, a petitioner has satisfied the exhaustion requirement if a claim in the federal petition is the "'substantial equivalent' of one presented to the state courts . . . ." Id. Moreover, exhaustion may not be required if "resort by [a petitioner] to the state courts . . . would be futile." Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996).

Petitioner asserts four claims in his amended petition. One claim asserts that the state trial court denied him due process ("a fair trial") when it failed to provide him with enough funds to retain an accident reconstruction expert.[16] The other three claims are all ineffective assistance of counsel claims.[17] Petitioner never raised these four claims in his appeal to the Texas Court of Appeals or in his petition for discretionary review to the Texas Court of Criminal Appeals, and petitioner makes no attempt to argue that he did. Instead, petitioner contends that he raised his amended claims "in the petitioner's original state application for post-conviction relief, abeit [sic] generally."[18]

---

[16]Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, pp. 21-22.

[17]Id. at 18-20.

[18]Petitioner's Motion for Leave to File Amended Pleading, Docket Entry No. 24, ¶ 2.

While petitioner may have "generally" raised one of his three ineffective assistance claims (which is disposed of below on other grounds), nothing in petitioner's state habeas application indicates that he gave the state habeas court the opportunity to apply controlling legal principles to the theories or facts alleged in his due process claim or his other two ineffective assistance claims. Due process is the only legal basis for petitioner's claim that the trial court denied him a fair trial when it failed to provide him with sufficient funds to retain an accident reconstruction expert. See Ake v. Oklahoma, 105 S. Ct. 1087, 1098 (1985). Yet, the only mention that petitioner made in his state habeas petition regarding funds for an expert witness was in his claim for <u>ineffective assistance of counsel</u>.[19] There is no mention of a due process right to an expert. Petitioner's due process claim is therefore unexhausted.

Petitioner also failed to present his two ineffective assistance of counsel claims to the state habeas court. Petitioner raised several ineffective assistance claims in his state petition. These claims alleged that petitioner's trial counsel violated petitioner's right to the effective assistance of counsel because counsel failed to retain an expert, conduct an independent analysis of petitioner's blood samples, obtain a copy of the petitioner's accident report, object to testimony of petitioner's involvement in

---

[19] Ex parte Sixta, Application No. 60,547-03, p. 7.

a prior accident that also involved alcohol, provide competent advice about a plea offer, interview witnesses before trial, and request a competency evaluation to determine if petitioner was fit to stand trial.[20]

In his amended petition, petitioner seeks to add two additional ineffective assistance claims. One asserts that "Petitioner was denied the effective assistance of counsel due to the trial counsel's <u>failure to object</u> to the states [sic] expert witness's opinions and finding [sic] before establishing by clear and convincing evidence that they were sufficiently reliable and relevant."[21] The other contends that "Petitioner was denied effective assistance of counsel due to trial counsel's <u>failure to object</u> to the opinions and findings of the state expert witness on the speed that the petitioner was traveling before braking and upon impact because they are based on flawed reasoning and methodology."[22] Construing these claims liberally so that they assert a constitutional violation, the court reads them as asserting that petitioner's trial counsel was ineffective because counsel failed to object to, and thereby exclude, the testimony of the state's expert witness according to the Texas Rules of

---

[20] Id.

[21] Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, p. 18 (emphasis added).

[22] Id. at 19 (emphasis added).

Evidence. To support this claim petitioner alleges several errors in the state's expert testimony and provides a report from his own expert to explain the extent of those errors.[23]

No Texas court has ever considered these claims or the expert report accompanying them. None of the many ineffective assistance claims alleged in the state habeas petition touched on the legal or factual basis for the two claims in the amended federal petition. None of the state claims mentioned counsel's failure to object to an expert's testimony; and none of them mentioned the facts alleged in the amended petition concerning the scientific or methodological flaws in the expert's report or testimony. Thus, these two claims are unexhausted. See Henry v. Cockrell, 327 F.3d 429, 431-32 (5th Cir. 2003).

Although futility (of exhaustion) may constitute an exception to the AEDPA's general requirement, petitioner has made no effort to argue futility here, and the court has found nothing that would support such a contention even if made. Petitioner had, and exploited, his "'opportunity to obtain redress in state court,'" Graham, 94 F.3d at 969 (internal citations omitted), but he failed to properly raise his claims in that forum. Moreover, petitioner has made no effort to prove that the state's corrective process was

---

[23]Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, pp. 18-19; Cam Cope's Report Relative to the Matter of Daniel Sixta, Docket Entry No. 24-3, attached to Petitioner's Motion for Leave to File Amended Pleading.

"so clearly deficient as to render futile any effort to obtain relief." Id. Thus, this court concludes that the due process claim and the two ineffective assistance claims contained in petitioner's amended petition are unexhausted.

Because petitioner's claims are unexhausted, petitioner's motion for leave to add these three claims will be denied as futile. Were this court to grant petitioner's motion, it would be required to dismiss the entire petition so that petitioner could return to state court and attempt to exhaust these claims. See Rose, 102 S. Ct. at 1199. However, at this juncture dismissal is an equally futile gesture because having previously filed a state habeas application, petitioner is now procedurally barred from returning to state court to raise his unexhausted claims. See Fearance v. Scott, 56 F.3d 633, 642-43 (5th Cir. 1995).

**B.   Redundant Claims**

The fourth remaining claim in petitioner's amended petition, another ineffective assistance claim, is also futile because it is redundant of ineffective assistance claims already present in the original petition. "[A] proposed amendment is futile if it sets forth facts or legal theories that are redundant . . . to the allegations in the complaint." Campania Mgmt., Inc., 290 F.3d at 850; see also Williams, 352 F.3d at 1012 (rejecting a plaintiff's claim as "redundant" after examining the facts and legal theories presented by the redundant claim). In the fourth ground of his

original federal petition, petitioner claims that he was denied the effective assistance of counsel. To support this claim petitioner alleges the following facts concerning his trial counsel: He "failed in his duty to make an independent investigation of the facts of petitioner's case, instead relying exclusively upon the version of the prosecuting attorney"; he "failed to seek out an expert . . . who could have provided a reliable defense in petitioner's behalf"; and he "failed to ensure the reliability of the evidence, by subjecting it to rigorous testing in an adversarial proceeding."[24] To this list petitioner's amended petition seeks to add that petitioner "was denied the effective assistance of counsel due to trial counsel's lack of trial preparation and failure to put the states [sic] expert witness's opinions and finding [sic] through a proper adversary [sic] testing."[25]

Upon an examination of the original and amended petitions, the court concludes that, in substance, the original and amended claims are the same. Both the original and amended claims rely on the same legal theory (that petitioner's counsel was ineffective). Both the original and amended claims rely on the same or similar supportive facts. Both complain about trial counsel's failure to

---

[24]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 8, 14-16.

[25]Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, p. 18.

obtain a defense expert. Both contend that such an expert would have provided petitioner with a "reliable defense" (in the original petition),[26] or, as alternatively stated in the amended petition, "could have rebutted the reliability and relevance of [the state's expert's] opinion and finding . . . ."[27] Both complain that the failure of petitioner's trial counsel to prepare or conduct an independent examination of the facts prevented him from mounting an effective cross-examination of the state's expert witnesses. The original and amended claims even contain similar phrasing ("adversarial proceeding" in the original petition versus "adversary testing" in the amended petition). Indeed, the ineffective assistance claim already included in the original petition would permit petitioner to claim everything contained in the ineffective assistance claim in the amended petition. Thus, where petitioner's amended claim "merely reiterate[s] and embroider[s]" his existing ineffective assistance claims, Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991), the court denies petitioner leave to amend his petition to include this redundant claim.

---

[26]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 14.

[27]Petitioner's First Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 25, p. 18.

### III. Motion for Summary Judgment

In its January 16, 2007, Order, the court ordered the respondent to file an answer, and expressly cautioned him "that under Rule 12(c), Fed. R. Civ. P., if matters outside the pleadings are relied upon, the respondent's motion shall be treated as a motion for summary judgment and should be titled as such."[28] The reason for this requirement was simple: If respondent made arguments for the summary disposition of petitioner's claims, petitioner should have notice of, and an opportunity to respond to, those arguments. Accordingly, the court also admonished Petitioner that "[i]f at any time respondent files a motion for summary judgment or a motion to dismiss with the court, the petitioner is ORDERED to file a response to that motion filed by the respondent, within thirty (30) days"; and that his failure to file the ordered response within the required time would result in a dismissal.[29]

On May 16, 2007, respondent filed his "Answer With Brief in Support" (Docket Entry No. 17). This "answer" was not in the form of an answer. See Fed. R. Civ. P. 8. Rather, respondent's answer reads like a motion for summary judgment: It cites legal precedent, cites facts outside the petition, applies the cited precedent to those outside facts, and unequivocally calls for the summary denial of petitioner's petition. Cf. Fed. R. Civ. P. 56.

---

[28]Order to Answer Within 40 Days, Docket Entry No. 3, ¶ 3.

[29]Id. ¶ 6.

However, contrary to this court's express instructions, and despite having relied on "matters outside the pleadings," respondent did not title his answer as either a motion to dismiss or a motion for summary judgment. Consequently, this court cannot conclude that petitioner, who is not an attorney, was on notice that he must respond to the arguments in respondent's answer.

Therefore, pursuant to Rule 12(c), the court will treat respondent's answer as a motion for summary judgment. Petitioner is **ORDERED** to respond to the arguments advanced in respondent's answer within twenty (20) days of this Memorandum Opinion and Order. The court reminds petitioner that his failure to file the ordered response within the time allotted may result in the dismissal of his action.

## IV.  Conclusion and Order

For the reasons set forth in the court's Memorandum Opinion and Order, Petitioner's Motion for Leave to File Amended Pleading (Docket Entry No. 24) is **DENIED as futile**, and petitioner is **ORDERED** to file a response to respondent's answer, which the court is now construing as a motion for summary judgment, within twenty (20) days of the entry of this Memorandum Opinion and Order.

**SIGNED** at Houston, Texas, this 19th day of September, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE